```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ALBANY DIVISION
```

| | |
|---|---|
| LARRY ALAN CROCKETT, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 1:13-CV-9 (CDL) |
| RAY MABUS, SECRETARY OF THE NAVY, | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Larry Alan Crockett ("Crockett"), an employee at the Marine Corp Logistics Base ("LOGCOM") in Albany, Georgia since 1976, has not always seen eye to eye with his superiors. He has criticized them for their incompetence and ineffective management. And according to him, their conduct has created a hostile working environment. But incompetence, ineffectiveness, and hostility do not generally give rise to legal claims under federal law. To reach this Court, those claims must arise due to an employee's protected characteristic such as race or age. And so, Crockett has attempted to couch his claims in those terms, alleging that his employer discriminated against him based on his race and age, and then retaliated against him when he complained of that discrimination. He seeks relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  The Defendant employer ("the Navy") responds that its actions had nothing to do with Crockett's race, age, or complaints about race or age discrimination.  Because Crockett has failed to point to any evidence from which a reasonable factfinder could conclude that the Navy's stated legitimate, non-discriminatory reasons for its actions were pretext for unlawful discrimination or retaliation, the Navy is entitled to summary judgment.  Accordingly, the Navy's motion for summary judgment (ECF No. 15) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Crockett, the record reveals the following.

Crockett, a white male born in 1951, began working for LOGCOM in 1976 as an information technology specialist in the Command, Control, Communications and Computers Directorate, known as "C4." During his career, Crockett has often criticized C4 management. Many of his complaints have nothing to do with race or age. The present record shows that Crockett first raised complaints of race and age discrimination in January 2010 when he initiated contact with an Equal Employment Opportunity ("EEO") counselor. Def.'s Statement of Material Facts [hereinafter Def.'s SMF] Ex. A, EEO Precompl. Intake Sheet 1, ECF No. 16-1. After mediation failed to resolve his complaints, Crockett filed a formal EEO complaint in March 2010. Def.'s SMF Ex. B, EEO Counselor's Report 3, ECF No. 16-2. When the Equal Employment Opportunity Commission ("EEOC") did not find in his favor, Crockett filed the present action. He alleges that the Navy discriminated and retaliated against him when his superiors failed to promote him, gave him certain unfavorable performance ratings, disciplined him, and treated him with hostility. Compl. ¶¶ 4, 6, 9, ECF No. 1.

DISCUSSION

Title VII of the Civil Rights Act prohibits employment discrimination against certain federal agency employees on the basis of race, color, religion, sex, or national origin and protects employees from retaliation for making a charge of such discrimination. 42 U.S.C. §§ 2000e-3(a), 2000e-16(a). The ADEA similarly prohibits employment discrimination because of the age of certain federal agency employees and retaliation for complaining of age discrimination. 29 U.S.C. § 633a(a); *Gomez-Perez v. Potter*, 553 U.S. 474, 477 (2008).

Absent direct evidence, a plaintiff may prove discrimination or retaliation by circumstantial evidence under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) (explaining that this Title VII framework also applies to ADEA claims even after *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)); *see also Smith v. City of Fort Pierce, Fla.*, No. 12-15064, 2014 WL 1687746, at *1, *3 (11th Cir. Apr. 30, 2014) (analyzing retaliation claims under this framework even after *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013)). Under this framework, a plaintiff must first establish a prima facie case of discrimination or retaliation under the appropriate statute; if he does so, the burden shifts to the defendant to articulate a

legitimate, non-discriminatory reason for its action(s). *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007). The burden then shifts back to the plaintiff to rebut each reason given as mere pretext for unlawful discrimination or retaliation. *Id.*

## I.  Failure to Promote

Crockett has not clearly alleged in his judicial complaint which promotions he was denied due to his race, age, or EEO activity. He does allege in his March 25, 2010 EEO complaint and June 23, 2010 amendment that he should have been, but was not, promoted in January 1995 "due to management incompetence and favoritism." Def.'s SMF Ex. J, 2d Am. EEO Compl. 1, ECF No. 16-10 at 23. It is clear that such a claim would be barred by the 180-day limitations period to file a charge with the EEOC after the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1)(A) (ADEA). But even if it were not time-barred, the claim must still be dismissed because Crockett has failed to point to any evidence that his race, age, or EEO activity had anything to do with the failure to promote him. Management incompetence and favoritism, as long as not race or age-based, do not support a cause of action under the federal civil rights statutes.[1]

---

[1] Crockett does make reference to other denied promotions, but he has pointed to no evidence that they were based on unlawful discrimination. For example, Crockett mentions the promotion of

**II. Race-Based or Age-Based Disciplinary Actions and Performance Ratings**

Crockett generally complains about his supervisors' performance of their jobs and their treatment of him.  But only two of the complained of employment actions arguably qualify as sufficiently adverse to give rise to a possible cause of action.[2]  First, Crockett complains that his supervisor Debra Capers, a black female born in 1957, threatened to and did place him under

---

Jackie Mitchell, a black male, explaining "that this assignment was strictly because he was a MATCOM favorite."  Def.'s SMF Ex. J, Formal EEO Compl. 12, ECF No. 16-10 at 15.   MATCOM was an outside organization previously directed by Melvin Leonard, a white male born in 1957, who subsequently transferred to C4 and made that promotion decision.   The only evidence relied on by Crockett in support of his claims of discrimination is an isolated statement from Mitchell, the person who received the promotion, to Crockett that he was "too old for the supervisory job."  Def.'s SMF Ex. J, 2d Am. EEO Compl. 2, ECF No. 16-10 at 24.   It is clear that "statements made by nondecisionmakers or statements made by decisionmakers unrelated to the decisional process do not demonstrate discriminatory intent." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 802 (11th Cir. 2005) (internal quotation marks omitted).  Crockett also complains that Mitchell subsequently refused to promote him for another position, but he fails to identify the race or age of the successful candidate. Formal EEO Compl. 14, ECF No. 16-10 at 17; *see Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005) (per curiam) (setting forth the elements of a prima facie failure to promote claim, including that "the position was filled with an individual outside the protected class").  Finally, Crockett even complains that Mitchell did promote him, but only after the first candidate of unspecified race/age declined the offer.  Formal EEO Compl. 14, ECF No. 16-10 at 17.  None of Crockett's failure to promote claims are supported by any evidence that the decisions were based on Crockett's age, race, or EEO activity.  Therefore, those claims fail as a matter of law.
[2] For example, Crockett complains about interim performance ratings and letters of caution but offers no evidence that they had any impact on his employment status or advancement.  Consequently, because they do not constitute "a *serious and material* change in the terms, conditions, or privileges of employment . . . as viewed by a reasonable person in the circumstances," they are not actionable. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001).

a national "pay for performance" system known as NSPS for the hidden purpose of giving him low performance ratings to justify not raising his pay. 2d Am. EEO Compl. 4, ECF No. 16-10 at 26; Formal EEO Compl. 16, ECF No. 16-10 at 19. The undisputed evidence establishes that Capers gave Crockett performance ratings of "2" for his 2010 annual assessment, which resulted in Crockett receiving no performance salary increase that year. Def.'s SMF Ex. Q, 2010 NSPS Performance Appraisal 2-7, ECF No. 16-17; Def.'s SMF Ex. P, 2010 NSPS Pay Pool Form, ECF No. 16-16; Formal EEO Compl. 16-17, ECF No. 16-10 at 19-20. Second, Crockett complains that he was reprimanded in 2007 for a system crash and data loss for which he was not responsible. Formal EEO Compl. 13-15, ECF No. 16-10 at 16-18; Def.'s SMF Ex. D, Rebuttal of Letter of Reprimand 3-6, ECF No. 16-4. It is undisputed that Jackie Mitchell issued Crockett a formal letter of reprimand, Def.'s SMF Ex. C, Letter of Reprimand, ECF No. 16-3, and Melvin Leonard transferred Crockett from the Enterprise Systems Division to a nontechnical position in the Plans and Policy Branch, Def.'s SMF Ex. E, Leonard Decl. ¶¶ 7-9, ECF No. 16-5, after a December 2006 crash and data loss in the Enterprise Systems Division.

The Court is skeptical of whether Crockett has made out a prima facie case of discrimination arising from these two adverse employment actions. He has failed to point to any

7

potential comparators showing that other similarly situated employees outside his class were treated more favorably. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) ("A plaintiff establishes a prima facie case of disparate treatment by showing that []he was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class."). Instead, he quarrels with the justification for the employment decisions, asking the Court to infer that they could only have been taken based on unlawful discrimination. But even if the Court assumes Crockett could establish prima facie cases of disparate treatment, Crockett presents no evidence suggesting racial or age-based discrimination to rebut the Navy's legitimate, non-discriminatory reasons for these actions.

Regarding the annual performance ratings, Capers gave Crockett "2s" due to his deficient performance and his resistance, or even resentment, toward his supervisors and assignments. Def.'s SMF Ex. F, Capers Decl. ¶¶ 4-11, ECF No. 16-6; Leonard Decl. ¶¶ 14-16. Because these are reasons that might motivate a reasonable employer to give an employee an unfavorable performance rating, Crockett must meet each "reason head on and rebut it" and "cannot succeed by simply quarreling with the wisdom of that reason." *Chapman v. AI Transp.*, 229

F.3d 1012, 1030 (11th Cir. 2000).  While Crockett attempts to rebut that his performance was deficient, Formal EEO Compl. 16-17, ECF No. 16-10 at 19-20, he points to no evidence that the evaluation of his performance was a pretext for unlawful discrimination.  Moreover, Crockett presents no evidence to rebut the Navy's explanation that his performance evaluation was due in part to his poor attitude.  *See Crawford*, 482 F.3d at 1308 ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment.").

Regarding the 2007 transfer and reprimand, the Navy explains that it determined that Crockett's role in the system crash and data loss justified those employment decisions. Leonard Decl. ¶¶ 2, 4-7, 9-13.  Specifically, Leonard explains that while Crockett was in charge of the database, he failed to assure proper backup of the data.  *Id*.  Again, since this reason is one that could motivate a reasonable employer to take action against an employee, Crockett must rebut Leonard's reason head on and demonstrate that it is pretextual rather than merely quarrelling with the ultimate decision.  *Chapman*, 229 F.3d at 1030.  Crockett points to no evidence that he made sure the data was properly backed up while in charge; instead he gives excuses as to why Leonard should not blame him for the data loss. Formal EEO Compl. 13-15, ECF No. 16-10 at 16-18; Rebuttal of

9

Letter of Reprimand 3-6.  This is not sufficient evidence of pretext to avoid summary judgment.

Even when viewing the record in the light most favorable to Crockett, the Court finds no evidence that the Navy's proffered reasons for its disciplinary actions and performance ratings were pretext to cover up discriminatory animus based on race or age.  Consequently, the Navy is entitled to summary judgment on those claims.

**III. Racially Hostile or Age-Based Hostile Work Environment**

Crockett believes that he was forced to work in a *hostile* environment.  While perhaps unpleasant, hostility alone does not give rise to a federal cause of action.  The hostility Crockett complains of must be based on race or age, and it must be objectively hostile such that it results in a material alteration to the terms and conditions of his employment.  The environment described by Crockett was neither.

For example, Crockett complains that the deputy director of C4 has "verbally assaulted [him] at least three times," Formal EEO Compl. 16, ECF No. 16-10 at 19; but he provides no detail as to the content of her words that would indicate any racism or ageism.  Moreover, three incidents do not demonstrate pervasiveness, and no meaningful evidence has been produced showing the severity of the alleged verbal assaults.

10

To be actionable under Title VII or the ADEA, Crockett must prove that his "workplace [i]s permeated with *discriminatory* intimidation, ridicule, and insult that [i]s sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1299 (11th Cir. 2012) (third alteration in original) (emphasis added) (internal quotation marks omitted). The antidiscrimination statutes "do[] not prohibit harassment alone, however severe and pervasive[; i]nstead, [they] prohibit[] discrimination, including harassment that discriminates based on a protected category." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301-02 (11th Cir. 2007). It is essential for Crockett to establish that the harassment was "*based on* a protected characteristic of the employee." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (emphasis added); *see also Cobb v. City of Roswell, Ga.* ex rel. *Wood*, 533 F. App'x 888, 897 (11th Cir. 2013) (per curiam) (applying same elements to ADEA claim).

With the exception of one isolated comment sometime before 2007 about being "too old," 2d Am. EEO Compl. 2, ECF No. 16-10 at 24, Crockett has pointed to no other derogatory reference to his race or age. He simply makes vague, general allegations that black employees were treated more favorably than whites by some black supervisors. This is not enough. A general feeling

11

of unfairness based on a subjective belief of discrimination certainly does not show that the harassment was "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Miller*, 277 F.3d at 1275. Because no reasonable factfinder could objectively conclude from the record that Crockett was subjected to a *racially* hostile or *age-based* hostile work environment, the Navy is entitled to summary judgment on these claims.

**IV. Retaliation**

Crockett also alleges that his superiors retaliated against him after he initiated EEO activity in January 2010. He relies on the same adverse actions for his retaliation claims that he pointed to in support of his race and age discrimination claims. As previously explained, Crockett has failed to demonstrate that the Navy's stated legitimate, non-discriminatory reasons for taking those actions were a pretext for unlawful discrimination or retaliation. Therefore, Crockett is unable to carry his burden on pretext under the *McDonnell Douglas* burden-shifting framework. Moreover, for similar reasons, he has failed to produce evidence from which a reasonable jury could find that his EEO activity was the "but-for" cause of any alleged retaliation. *Nassar*, 133 S. Ct. at 2533-34. While the Court analyzes retaliation claims under the *McDonnell Douglas* burden-

shifting framework and thus a failure to show pretext is fatal to a retaliation claim, "the plaintiff always has the burden of persuasion 'to proffer evidence sufficient to permit a reasonable fact finder to conclude that [retaliatory] animus was the 'but-for' cause of the adverse employment action.'" *Smith*, 2014 WL 1687746, at *1, *3 (quoting *Sims*, 704 F.3d at 1332). Thus, when such causation evidence is lacking, that also dooms a retaliation claim.  For these reasons, the Navy is entitled to summary judgment on Crockett's retaliation claims.

## CONCLUSION

For the reasons explained in this Order, the Navy's motion for summary judgment (ECF No. 15) is granted.

IT IS SO ORDERED, this 8th day of July, 2014.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE